FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 1 3 2015

JAMES W. McCORMACK, CLERK
By: [signature] DEP CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**KING COAL, LLC, ECOTEC COAL LLC,**
**STEPHEN KIRL PARKS, AND**
**ANNA HARPER PARKS** **PLAINTFF**

**VS.** **NO.** 4:15CV149-BSM

**JANET PLOUDRE, TODD CARTER,**
**DAN ELLIOTT, and JOHN DOES 1 – XX**
**AGENTS OF THE U.S. GOVERNMENT** **DEFENDANT**

This case assigned to District Judge Miller
and to Magistrate Judge Kearney

**COMPLAINT**

Plaintiffs, for their complaint against defendants, state:

1. All individual plaintiffs, Stephen Kirl Parks and Anna Harper Parks, are citizens and residents of Arkansas. King Coal, LLC is a limited liability corporation organized under the laws of Arkansas with its principal place of business in Arkansas. Ecotec Coal, LLC is a limited liability corporation organized under the laws of Florida with its principal place of business in Arkansas.

2. Defendant Janet Ploudre was a special agent with the Internal Revenue Service (hereafter IRS). This defendant was the agent in charge of the raid complained of below. She planned and executed the raid and determined the scope of the search and seizure. She directed the actions of agents under her control and directed those agents to act in a manner which violated plaintiffs' constitutional rights. They directed agents to hold plaintiffs and employees of plaintiffs incommunicado for in excess of six hours, directed agents to not release plaintiffs and

employees of plaintiffs unless and until plaintiffs and employees of plaintiffs submitted to interrogation, directed agents to detain plaintiffs and employees of plaintiffs when the necessity for detention was no longer present, and personally violated plaintiffs' constitutional rights as detailed below. Defendants Todd Carter and Dan Elliott are also IRS agents that were present during the raids. Defendants John Does 1-XX are other agents who participated in the raid whose identity is unknown. The defendants' conduct complained of herein occurred in the Eastern District of Arkansas.

3. This Court has jurisdiction under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971) because defendants violated plaintiffs' constitutional rights under the Fourth Amendment of the United States Constitution.

## FACTS

4. On October 3rd, 2012, approximately 25 to 40 federal and state law enforcement officials from multiple states conducted a simultaneous search of the corporate headquarters of King Coal, LLC (Ecotec Coal, LLC's physical address as well) located at 912 and 914 W. 6th St. Little Rock, Arkansas (hereafter 912 and 914 W. 6th), and Mr. and Mrs. Stephen Kirl Parks personal residence, located at 2020 N. Spruce St. Little Rock, Arkansas (hereafter 2020 N. Spruce). Both searches were conducted pursuant to a search warrant.

5. According to the warrant, law enforcement agents were searching for evidence of crimes in violation of Title 18 U.S.C. § 371, 1341, 1956, and 1957. Based on the affidavit, the government derived its belief that these crimes were being committed by Stephen Kirl Parks, through King Coal, LLC and Ecotec Coal, LLC, because he was selling Title 26 U.S.C. § 45 tax credits by telling potential investors that King Coal, LLC and Ecotec Coal, LLC were working

on producing clean coal for energy, when King Coal, LLC and Ecotec Coal, LLC were spending no money on developing any clean coal technology. The law enforcement agents had no reason to believe that Stephen Kirl Parks or any employee of King Coal, LLC, Ecotec Coal LLC, or any other business located at 912 and 914 W. 6th were drug dealers, gang members, violent criminals, or were otherwise dangerous. Additionally, the law enforcement agents had no reason to believe that Anna Harper Parks or anyone who resided or was at 2020 N. Spruce were drug dealers, gang members, violent criminals, or were otherwise dangerous.

6. The law enforcement agents conducted a SWAT team raid at both 912 and 914 W. 6th and 2020 N. Spruce. The agents approached King Coal, LLC's offices and Mr. and Mrs. Stephen Kirl Parks' personal residence in a long convoy. They surrounded both buildings and blocked all exits. They were armed and equipped with bullet proof vests, military grade weapons, a battering ram, and other SWAT team equipment.

7. Upon entering both 912 and 914 W. 6th and 2020 N. Spruce, the agents secured the premises by forcing all persons present in the buildings into one area. They confiscated all cellular phones, blocked exits with armed guards, and refused to allow individuals to receive phone calls from loved ones. Some of the agents had their weapons drawn on to people. Even pointing the weapons in their face. Agents then required individuals to be isolated and interrogated without being Mirandized and, if requested by an individual, refuse them the right to counsel.

8. The agents searched both buildings for eight hours or longer. Although the agents had secured the buildings and herded all persons present into one area, the agents constructively refused to allow any person to leave either 912 and 914 W. 6th or 2020 N. Spruce for

approximately three hours after the buildings were secure, held some plaintiffs for up to seven hours, and refused to allow any person to make a phone call or in any way communicate with others outside the building, including their loved ones and attorneys, for several hours.

9. The agents, while detaining all employees, ordered some employees to submit to interrogation. Although the employees, including the individual plaintiffs, were not free to leave, the agents did not inform the employees of their Miranda rights. Some employees, including the individual plaintiffs, requested assistance of counsel. Their requests were denied and were told that they did not need an attorney.

10. The agents seized thousands of documents and other items during the search. Many of the items seized that were owned by King Coal, LLC, Ecotec Coal, LLC, Stephen Kirl Parks, Anna Harper Parks, and other employees had nothing to do with any potential economic crimes and were beyond the scope of the warrant. The agents seized mining schematics, mining magazines and periodicals, records of businesses that were outside the scope of the search warrant, coal washability diagrams, blueprints for 1616 Brookwood, tee-shirt orders, maps, coal samples, Kodak unprocessed film, pictures of mining operations, receipts for purchases, Episcopal Collegiate School receipts, personal credit card statements, personal mortgage statements, and most shocking, personal medical records.

These items all concerned operation of mining machines, business' not related to Stephen Kirl Parks or Anna Harper Parks, King Coal, LLC or Ecotech Coal, LLC, or personal information not related to any coal or coal tax credit. No reasonable officer could believe that these items were within the scope of the items authorized to be seized by the warrant. Seizure of these items violated the Fourth Amendment and prevented Stephen Kirl Parks, Anna Harper

Parks, King Coal, LLC, and Ecotec Coal, LLC from conducting their business plans and resulted in lost profit.

11. The agents seized items which were personally owned by individuals, including the individual plaintiffs, such as: personal cellular phones, personal computers, personal banking documents, antique jewelry, and heirlooms which were irrelevant to the investigation and beyond the scope of the warrant.

## FOURTH AMENDMENT VIOLATIONS

12. The Fourth Amendment of the United States Constitution prohibits unreasonable searches.

13. The manner in which the search of both 912 and 914 W. 6th and 2020 N. Spruce were conducted was unreasonable. Defendants had no information that any person present at either location was violent or dangerous. There was absolutely no need or reason for a SWAT type raid. Conducting a raid with 25 to 40 agents, from multiple states, in SWAT gear, some with weapons drawn, was unreasonable in light of the information known to the defendants. Indeed, the search itself was unnecessary -the agents could have secured the documents or other items seized with a subpoena. The only discernible reason for a SWAT type raid was publicity, and that objective was achieved. The raid was publicized both on television and in newspapers. Additionally, people working at businesses next to King Coal, LLC and Ecotec Coal, LLC; along with, neighbors who lived next to Stephen Kirl and Anna Harper Parks' residence walked outside to look at the large commotion created by the government.

14. Because the raid was conducted as it was and received the publicity which it received, plaintiffs Stephen Kirl Parks, Anna Harper Parks, King Coal, LLC, and Ecotec Coal, LLC have sustained damages. Customers who learned of the raid quit doing business with Anna Harper Parks' business (Sales by Anna) because of the raid. Companies who were set to engage in contracts with King Coal, LLC and Ecotec Coal, LLC, who learned of the raid, declined to continue doing business with them because of the raid. Plaintiffs have lost substantial profits because of the unreasonable manner in which the raid was conducted. Banks with whom Stephen Kirl Parks, Anna Harper Parks, King Coal, LLC and Ecotec Coal, LLC had a lending relationship with, now refuse to renew or extend credit because of the raid.

15. The Fourth Amendment prohibits unreasonable seizures.

16. The defendants unreasonably seized and detained the individual plaintiffs. While defendants had a right to secure the premises and to detain plaintiffs during that process, defendants had no right to continue detaining plaintiffs after the premises were secure and there was no threat to the safety of the defendants. The continued detention of plaintiffs after that occurred was unreasonable and violated the dictates of the Fourth Amendment. Holding plaintiffs incommunicado for three to seven hours was an intentional violation of plaintiffs' Fourth Amendment rights. Defendants also violated the plaintiffs' Fourth Amendment rights by coercing the plaintiffs to submit to interrogation as a condition of release from detention.

17. Plaintiff Stephen Kirl Parks was detained by armed agents, at approximately 9:03 AM, when the raid at 912 and 914 W. 6th commenced. At least one gun was drawn on or around his person by John Doe 1. Other employees also had a gun drawn on them. His cellular phone and wallet were confiscated. He was detained and isolated separately in the back room of 912

and 914 W. 6th. He was wearing a t-shirt and shorts; due to this, government agents turned the air conditioner to its lowest setting inside the office, while interrogating him. Mr. Parks was constructively not allowed to leave the premises before submitting to interrogation. He requested and was denied his right to have an attorney. He was interrogated for approximately 6-7 hours. He was held incommunicado until approximately 4 PM, a period of 6-7 hours. Agents seized his cellular phone.

18. Plaintiff Anna Harper Parks was detained in her own home (2020 N. Spruce) immediately when the raid began on the property at approximately 9:10 AM. An agent, John Doe 2, had his service weapon drawn. Ms. Parks was forced out into the front yard of her residence in only a night gown with neighbors looking on. Her cellular phone and cordless home phone were confiscated by government agents. The defendants physically pulled all wires to the Plaintiffs house surveillance system that had video cameras in and outside of the residence. Eventually she was allowed back into her own home and subjected to government questioning without being Mirandized. She requested that her attorney (her brother) be present for any questioning. She was denied this right and agents stated to her that "he could not help her anyway." She was allowed to only place a couple of phone calls. She was not allowed to answer any phone calls made to her. Her attorney was denied access to see her for approximately four hours. She had to request permission to move anywhere in her home, including the bathroom. Her vehicle was blocked any exit route by government agent vehicles for over five hours. She was held incommunicado for over four hours.

19. The seizure of items which belonged to King Coal, LLC which were unrelated to any potential economic crime and/or which exceeded the scope of the warrant was an unreasonable seizure in violation of the Fourth Amendment.

20. The seizure of items which belonged to Ecotec Coal, LLC which were unrelated to any potential economic crime and/or which exceeded the scope of the warrant was an unreasonable seizure in violation of the Fourth Amendment.

20. The seizure of items which belonged to the individual plaintiffs which were unrelated to any potential economic crime and/or which exceeded the scope of the warrant was an unreasonable seizure in violation of the Fourth Amendment.

21. The defendants knew that their conduct violated the Fourth Amendment but engaged in such conduct intentionally and deliberately. The intentional nature of that conduct is demonstrated by Defendant Ploudre's statement to Mr. Parks that "you do not need an attorney because you are not under arrest...but you are not allowed to leave." Such conduct justifies the imposition of punitive damages to punish the defendants and to deter such conduct in the future.

22. Plaintiffs demand a trial by jury.

WHEREFORE, plaintiff prays judgment against defendants for compensatory and punitive damages, for their cost and all other proper relief.

Respectfully submitted,

PATRICK J. BENCA (99020)

JOHN D. KENNEDY (13149)

BENCA & BENCA
1311 S. Broadway
Little Rock, AR 72202
(501) 353-0024
(501) 246-3101
pjbenca@gmail.com
john.da.kennedy@gmail.com